114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALBERT D. SEENO CONSTRUCTION CO. LTD., a limited
partnership; Albert D. Seeno Construction Co., a
California corporation,
Plaintiffs-Appellants/Cross-appellees,
v.
TWIN CITY FIRE INSURANCE COMPANY, Defendant-Appellee/Cross-appellant,
Employers Insurance of Wausau, Defendant-Appellee.
 No. 94-17024, 94-17039.
 United States Court of Appeals, Ninth Circuit.
 Argued March 11, 1997.
Submission Deferred March 11, 1997.
Submitted April 4, 1997.
Decided May 27, 1997.
 
 1
 Before: NOONAN and O'SCANNLAIN, Circuit Judges, and RHOADES, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 On this cross-appeal from judgment in a bad faith action by Albert D. Seeno Construction Co., Ltd., et al. (Seeno), against its insurers, Employers Insurance of Wausau (Wausau) and Twin City Fire Insurance Co. (Twin City), we affirm in part, reverse in part, and remand for entry of judgment in favor of Twin City.
 
 
 4
 The reason for affirmance of the judgment against Wausau in the amount of $1.60 is that Wausau did not appeal, and Seeno has no standing to appeal claiming $500,000 under Wausau's personal injury endorsement. Seeno's recovery of more than $500,000 from its contractor, Robert L. Helms Construction Co. (Helms), was set off against any damages allegedly caused by Wausau. Seeno waived the issue of the propriety of the offset as to Wausau by failing to make any argument on appeal. See United States v. Tisor, 96 F.3d 370, 376 (9th Cir.1996), cert. denied, 117 S.Ct. 1012 (1997). In any case, Helms was not an independent source because Seeno's recovery from Helms was based on the indemnity clause in the Seeno-Helms contract. The offset was proper.
 
 
 5
 The reason for reversal of the judgment against Twin City is that no harm was done Seeno by Twin City's conduct. The potential harm is determined by damages awarded against Seeno in the Lockwood-Gunn class action. As the damages awarded were not covered by the policy issued by Twin City, no harm was done by Twin City's conduct.
 
 
 6
 As the district court correctly ruled, under neither California nor Nevada law were punitive damages covered by either the Wausau or the Twin City policies. City Prod. Corp. v. Globe Indem. Co., 88 Cal.App.3d 31, 41, 151 Cal.Rptr. 494 (1979); Lombardi v. Maryland Cas. Co., 894 F.Supp. 369, 371-72 (D.Nev.1995); Ace Truck & Equip. Rentals, Inc. v. Kahn, 103 Nev. 503, 506, 746 P.2d 132, 134 (1987). Subsection 2 of the Nevada Insurance Unfair Claims Settlement Practices Act, N.R.S. 686A.310(2), amended in 1991, we do not read as changing the law of Nevada on this point; and we do not believe that, if the Nevada Supreme Court did so construe the statute, that that court would hold it retroactively effective as to insurance policies issued years before the amendment. Similarly, we do not believe that N.R.S. § 681A.095, added for the first time in 1995, applies to show that the insurance contracts here necessarily cover punitive damages, and in any case we do not believe that the Nevada Supreme Court would apply the statute retroactively to policies written and events occurring before its enactment.
 
 
 7
 As to the compensatory damages awarded the Lockwood-Gunn plaintiffs, none of these damages were for harms covered by the Twin City policy. The district court held that the Lockwood-Gunn verdict did not operate as a collateral estoppel against Seeno. Of course it did not; Seeno was free to show, if it could, that somehow the jury had awarded damages contrary to the district court's instructions. The question remained not one of collateral estoppel but of whether Seeno was injured. Seeno cannot have been injured by Twin City if the damages assessed against it by the Lockwood-Gunn jury did not fall within the Twin City policy. They did not.
 
 
 8
 On May 1, 1984 Twin City, for a premium of $30,500, issued an excess insurance policy of $20 million to Seeno. The policy covered "bodily injury, personal injury, property damage or advertising injury." Bodily injury was defined as "bodily injury, sickness or disease." Personal injury was defined to include libel or slander, false arrest, and "wrongful entry or eviction or other invasion of an individual's right of privacy." Property damage was defined as "physical injury to or destruction of tangible property" or "loss of use of tangible property which has not been physically injured or destroyed." [Supp.E.R., vol. 4, p. 957, 960, 961]. The Lockwood-Gunn jury was explicitly instructed that it might award compensatory damages for "annoyance, inconvenience, suffering, anguish, or discomfort," but not for "property damage or injury to health." [Supp.E.R., vol. 1, p. 4, 25]. Comparing these instructions with the policy coverage afforded by Twin City, it is plain that the jury could not have awarded damages covered by the policy.
 
 
 9
 Property damage was in so many words excluded by the instructions. The exclusion of "injury to health" appears to exclude any physical impact that the dust might have had on the body of any plaintiff. If there were a lingering doubt, the doubt is dispelled by the specific enumeration of the harms for which the jury could give compensation to the class plaintiffs: the harms are all of an intangible character. That leaves "wrongful entry or eviction or other invasion of an individual's right of privacy." It would be fanciful to think of the settling of dust as a wrongful entry, and it is scarcely less fanciful to think of the drifting of dust into a home as "other invasion of an individual's right of privacy." By the rule of ejusdem generis the invasion has to be by the intrusion of a human being to be considered "personal injury" under this policy. Apart from the rule, the right of privacy has not been enlarged to encompass the drift of dust. The right was invented a century ago in a brilliant law article, Samuel D. Warren & Louis D. Brandeis, "The Right to Privacy," 4 Harv.L.Rev. 193 (1890). Since then it has taken on constitutional dimensions, but there is no reason to suppose that in this insurance policy the right of privacy includes the right to be free of dust. Seeno has not shown that the Lockwood-Gunn jury disobeyed its instructions. Therefore, as a matter of law Seeno has had to pay no damages covered by Twin City and so suffered no harm from Twin City's conduct.
 
 
 10
 Judge Reed, who first made rulings in this case, refused to consider the Lockwood-Gunn jury instructions because he found Douglas Sloane, the counsel provided to Seeno by Wausau, to have a conflict of interest under San Diego Navy Fed. Credit Union v. Cumis Ins. Society, Inc., 162 Cal.App.3d 358, 208 Cal.Rptr. 494 (1984). The second district judge, Judge McKibben, correctly ruled to the contrary. Wausau did not reserve coverage but paid its policy limits. Wausau did not dispute the coverage and Sloane did not control the choice of the damages that plaintiffs sought. The class plaintiffs of Lockwood-Gunn elected to seek damages that were uniform for the class. Their choice cannot be blamed on Sloane, nor, for that matter, could Wausau's nomination of counsel operate to the detriment of Twin City. The alleged Cumis counsel conflict is a red herring.
 
 
 11
 For the reasons stated, the judgment against Wausau is AFFIRMED; the judgment against Twin City is REVERSED. Judgment is to be entered for Twin City.
 
 
 
 *
 Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3